# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# ABINGDON DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA** | ) |
| | ) Case No. 1:16CR00041-014 |
| v. | ) **OPINION** |
| | ) |
| **REBECCA LYNN WILLIAMS,** | ) By: James P. Jones |
| | ) United States District Judge |
| Defendant. | ) |

*Zachary T. Lee, Assistant United States Attorney, Abingdon, Virginia, for United States; Charles L. Bledsoe, Big Stone Gap, Virginia, for Defendant.*

The defendant has filed a motion seeking relief under 28 U.S.C. § 2255. She has raised multiple claims, including an ineffective assistance of counsel claim alleging that her counsel failed to note an appeal. The United States has filed a motion to dismiss, to which the movant has responded. I appointed counsel and held an evidentiary hearing limited to the appeal issue, which I took under advisement. After reviewing the record, I will grant the motion to dismiss.

I.

Williams was charged in Count One of the Indictment with conspiring to manufacture, distribute, and possess with the intent to distribute methamphetamine and oxycodone in violation of 21 U.S.C. § 841, and using a communication facility in committing a felony controlled substance offense in violation of 21 U.S.C. § 843(b). After a seven-day trial, a jury found her guilty of Count One. Williams

was sentenced by this court on February 28, 2018, to a term of 108 months imprisonment.

In her § 2255 motion, Williams contends that her trial counsel was ineffective because he failed to note an appeal and did not adequately advise her about her right to appeal. In addition, Williams argues that her counsel rendered constitutionally deficient performance when he failed to provide evidence or argue for overturning her conviction, failed to attack the credibility of a government witness, failed to suppress hearsay evidence, and failed to present witnesses on her behalf. Williams also contends that the government failed to produce impeachment evidence and violated several evidentiary rules during her trial.[1]

## II.

To state a viable claim for relief under § 2255, a defendant must prove: (1) that her sentence was "imposed in violation of the Constitution or laws of the United States"; (2) that "the court was without jurisdiction to impose such sentence"; or (3) that "the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." 28 U.S.C. § 2255(a). The petitioner bears the burden of proving grounds for a § 2255 motion by a preponderance of the evidence. *Miller v. United States*, 261 F.2d 546, 547 (4th Cir. 1958). Where the records conclusively show that the petitioner is entitled to

---

[1] Williams' allegations regarding the government's violation of evidentiary rules appear in her affidavit in support of her reply to the government's Motion to Dismiss.

no relief, summary dismissal is appropriate. *Raines v. United States*, 423 F.2d 526, 529 (4th Cir. 1970). In addition, "vague and conclusory allegations contained in a § 2255 petition may be disposed of without further investigation by the District Court." *United States v. Dyess*, 730 F.3d 354, 359 (4th Cir. 2013) (citation omitted).

Criminal defendants have a Sixth Amendment right to effective legal assistance. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). Ineffective assistance claims, however, are not lightly granted — "[t]he benchmark for judging any claim of ineffectiveness must be whether counsel's conduct so undermined the proper functioning of the adversarial process that the [proceeding] cannot be relied on as having produced a just result." *Id.* at 686. To that end, a defendant must satisfy a two-prong analysis showing both that counsel's performance fell below an objective standard of reasonableness and that the defendant was prejudiced by counsel's alleged deficient performance. *Id.* at 687. To satisfy the prejudice prong of *Strickland*, a defendant must show that there is a reasonable probability that, but for counsel's unprofessional error, the outcome of the proceeding would have been different. *Id.* at 694.

### III.

I make the following findings of fact based on the evidence presented at the hearing regarding the appeal issue.

At the conclusion of Williams' sentencing hearing, I expressly directed her counsel, on the record and in front of Williams, "to consult with your client in regard to an appeal, and if she wishes you to appeal, . . . you must file a notice of appeal on her behalf." Sent. Hr'g 13, ECF No. 1211. Immediately after I so instructed, Williams and her counsel left the courtroom and went into the lobby of the courthouse, where they talked. They had discussed the possibility of appealing on several previous occasions — before trial, during trial, and when preparing for the sentencing hearing. In their conversation after sentencing, Williams asked her attorney if she could appeal her sentence. Her counsel responded that an appeal was unlikely to be successful because she had been convicted by a jury, and he did not see any grounds for appeal. Though he does not recall his exact words to Williams, he essentially told her that it would do no good to appeal. Williams did not indicate that she wished to appeal anyway, nor did she expressly instruct her counsel to note an appeal.

Williams was not taken into custody at the conclusion of her sentencing hearing, but instead was allowed to self-report to prison and remained free for some time after she was sentenced. During that time before she began serving her sentence, she did not follow up with her attorney to inquire further about whether she should appeal. Had Williams told her attorney to file an appeal, he would have done so, in accordance with his usual practice and my instructions to him.

When a defendant "neither instructs counsel to file an appeal nor asks that an appeal not be taken," I must first determine "whether counsel in fact consulted with the defendant about an appeal." *Roe v. Flores-Ortega*, 528 U.S. 470, 478 (2000). Consulting in this context requires "advising the defendant about the advantages and disadvantages of taking an appeal, and making a reasonable effort to discover the defendant's wishes." *Id.* If counsel consulted with his client about filing an appeal, his performance is unreasonable only if he failed to follow the client's clear instructions. If, however, he did not consult with his client, I must determine whether that failure to consult amounts to deficient performance. The defendant also must establish prejudice under *Strickland*, meaning she must show "that there is a reasonable probability that, but for counsel's deficient failure to consult with [her] about an appeal, [she] would have timely appealed." *Id.* at 484. "[W]hen counsel's constitutionally deficient performance deprives a defendant of an appeal that [she] otherwise would have taken, the defendant has made out a successful ineffective assistance of counsel claim entitling [her] to an appeal." *Id.* "The defendant need not show that [her] appeal has merit." *Gordon v. Braxton*, 780 F.3d 196, 200 (4th Cir. 2015).

Based on the record before me, I conclude that Williams' counsel did not consult with her about an appeal to the extent required by *Flores-Ortega*. While counsel indicated that he did not think an appeal would be successful, there has

been no indication that he advised Williams of the advantages and disadvantages of appealing or that he made a reasonable effort to determine her wishes regarding appealing her conviction and sentence. Because I find that he did not sufficiently consult with Williams about an appeal, I must determine whether his failure amounted to deficient performance and whether that deficiency prejudiced Williams.

> In *Flores-Ortega*, the Supreme Court held that
>
> counsel has a constitutionally imposed duty to consult with the defendant about an appeal when there is reason to think either (1) that a rational defendant would want to appeal (for example, because there are nonfrivolous grounds for appeal), or (2) that this particular defendant reasonably demonstrated to counsel that [she] was interested in appealing.

528 U.S. at 480. Here, the second factor is likely satisfied: Williams and her counsel discussed the possibility of appealing on several occasions before, during, and after trial. Therefore, while she did not expressly tell her counsel that she wanted to appeal, she certainly expressed her interest in exploring the possibility of appealing.

Nevertheless, I find it unnecessary to decide whether counsel's failure to consult about an appeal was deficient in this case because I conclude that even if counsel had consulted with her, Williams would not have instructed him to note an appeal. Williams heard me direct her lawyer in court to file an appeal if she asked him to do so. Yet after he told her that he thought appealing would do her no

good, she dropped the subject. She never again raised the issue of appealing, despite being free on bond and able to contact her attorney prior to reporting to prison. Because I find that she would not have appealed even if her attorney had consulted with her about the advantages and disadvantages of doing so, I conclude that Williams has not shown the prejudice required by *Strickland*. She therefore has not met her burden as to this claim, and it will be dismissed.

IV.

Regarding Williams' remaining claims, I will first address Williams' allegations regarding the government's failure to produce impeachment evidence and violation of evidentiary rules during her trial. In particular, she alleges that the government failed to produce evidence "containing purported exculpatory information which prevented the defense from effectively cross-examining and/or impeaching the Government's witnesses during trial," relied on inadmissible hearsay, offered extrinsic evidence "through other witnesses rather than through cross-examination of the witness himself or herself," did not allow testimony regarding Williams' reputation for truthfulness or untruthfulness, and allowed a former addict to testify regarding Williams' actions. Mem. Supp. Mot. Under 28 U.S.C. § 2255 at 3, ECF No. 978; Aff. of Rebecca Lynn Williams 2, ECF No. 1061. Williams has not identified the particular pieces of evidence or potential

evidence at issue, nor has she provided any other specific facts to support these allegations.

All but the last of these allegations are vague and conclusory and thus do not warrant relief. Williams' allegation that the government allowed a former addict to testify also does not warrant relief. Although testimony by drug addicts may call for caution and close scrutiny, *see United States v. Normil*, Nos. 94-5830, 94-5848, 1997 WL 705373, at *5 (4th Cir. Nov. 13, 1997) (unpublished), it is otherwise appropriate.[2] Accordingly, I will turn to Williams' ineffective assistance of counsel claims.

Williams first argues that her counsel was ineffective because he failed to provide evidence or argue for overturning her conspiracy conviction. In support, Williams discusses the standard for evaluating the sufficiency of the evidence and the elements that the government must prove to support a conspiracy charge. She then asserts that the government's evidence was insufficient to show that she agreed to enter into the charged conspiracy. Williams does not make specific allegations regarding the evidence the government presented or why it did not show that she entered into the conspiracy at issue. Moreover, Williams' counsel made an oral motion for a judgment of acquittal at the conclusion of the government's case in chief, in which he attacked the government's evidence and

---

[2] The jury in Williams' case was instructed to consider the testimony of drug abusers with greater care than other witnesses. Instruction No. 11, ECF No. 783.

the credibility of its witnesses. Thus, Williams has failed to show any deficient performance by her counsel with respect to this issue.

Williams also alleges that her counsel was deficient because he failed to attack the credibility of government witness Carrie Taylor. Williams contends that Taylor's character and reasons for testifying for the government should have been presented to the jury. However, Williams' counsel in fact cross examined Taylor about the benefits she could receive for testifying for the government, her criminal history, and her failure to mention Williams in past interviews with law enforcement. Accordingly, Williams has again failed to show deficient performance by her counsel.

As to Williams' allegation that her counsel failed to suppress hearsay evidence, this allegation is vague and conclusory. Williams asserts that her counsel "did not suppress evidence that was merely [hear]say but was damaging to Ms. Williams" and that had the government's evidence been suppressed, she would not have been convicted. Pet'r's Resp. to Gov't's Mot. to Dismiss 2, 3, ECF No. 1060. In support, she references alleged hearsay statements regarding "the existence of a conspiracy and membership of the accused and the declarant in such a conspiracy, where there is a dispute as to such facts." *Id.* at 3. Without further factual support regarding the declarant and the particular statements at issue, this

allegation is insufficient to show that counsel's performance fell below an objective standard of reasonableness.

Lastly, Williams contends that her counsel's performance was deficient because he failed to present witnesses on her behalf. Williams asserts that had counsel called her daughter or other family members, they would have testified that Williams "absolutely had no involvement in the conspiracy and did not partake in the crimes committed by the co-defendants." *Id.* at 3–4. This allegation fails to satisfy *Strickland's* performance and prejudice prongs.

Determinations regarding which witnesses to call are "classic tactical decision[s] left to counsel." *United States v. Chapman*, 593 F.3d 365, 369 (4th Cir. 2010). As such, we must afford them "enormous deference." *United States v. Terry*, 366 F.3d 312, 317 (4th Cir. 2004) (internal quotation marks and citation omitted). Accordingly, I find that it was not objectively unreasonable for Williams' counsel to decline to call her family members to testify that she had no involvement in the conspiracy. First, the government likely would have attacked the credibility of these witnesses given their relationship with Williams. Further, their testimony that she was absolutely not involved in the conspiracy likely would not have been helpful and potentially could have been harmful given the government's significant evidence against Williams. At trial, five government witnesses testified that they either sold drugs to Williams, bought drugs from

Williams, or knew that she was selling drugs with a codefendant. Moreover, the government introduced numerous text messages from Williams to various codefendants regarding buying and selling drugs. In light of this evidence and the potential credibility issues, it was not objectively unreasonable for Williams' counsel to decline to call Williams' family members to testify that she was not involved with the conspiracy in any way. For the same reasons, Williams has failed to show that but for this alleged error, the outcome of the proceeding would have been different. Given the government's evidence, it is unlikely that this testimony from her family members would have changed the jury's verdict.

IV.

For these reasons, the United States' motion to dismiss will be granted and the § 2255 motion will be dismissed. A separate final order will be entered herewith.

DATED: August 15, 2019

/s/ James P. Jones
United States District Judge